UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUN REN,<br><br>    Petitioner,<br><br> v.<br><br>PAMELA BONDI, Attorney General, et al.,<br><br>    Respondents. | CASE NO. 2:25-cv-2693-TL<br><br>ORDER |

  This matter is before the Court on its own motion.

  Petitioner's Petition for Habeas Corpus ("habeas petition") became fully briefed on January 19, 2026, and has not yet been adjudicated. On February 9, 2026, counsel for Respondents informed the Court via electronic mail that he and opposing counsel had become aware that Petitioner had removed from the United States. On February 13, 2026, Petitioner's legal counsel submitted a Notice of Removal and Respondent's Failure to Comply with Court's General Order, notifying the Court that Petitioner was removed to China without notice to his habeas counsel, and requesting the Court "take appropriate action in response to Respondents'

ORDER - 1

failure to comply with General Order 10-25." Dkt. No. 13 at 2.

Also on February 13, 2026, Respondents filed a Status Memorandum (Dkt. No. 14), informing the Court of the following:

- On January 29, 2026, Petitioner's Individual Calendar Hearing was held, and Petitioner was ordered removed. Petitioner waived appeal, and, as a result, his removal order became final the same day. Dkt. No. 14 at 1; *see also* Dkt. No. 16-1 (Order of the Immigration Judge).

- At the hearing, Petitioner, through counsel, "communicated to the immigration judge that he wanted to return to China 'as soon as possible,'" as confirmed by Respondents' counsel via an audio recording of the Individual Calendar Hearing. Dkt. No. 14 at 2.

- On January 30, 2026, Petitioner was notified by Immigration and Customs Enforcement ("ICE") Office of Enforcement and Removal Operations ("ERO") that he would be placed on a removal flight on February 6, 2026. *Id.*

- On January 30, 2026, ERO asked ICE's own legal counsel to inform Petitioner's counsel of the imminent removal. *Id.* However, that notification did not happen. Dkt. No. 15 (Booth Decl.) ¶ 6. According to a declaration of ERO Supervisory Detention and Deportation Officer Brett Booth, counsel for ICE failed to notify Petitioner's counsel because of "a miscommunication." *Id.* Respondents' habeas counsel were also not informed of Petitioner's imminent removal until they learned from Petitioner's counsel that he had already been removed. Dkt. No. 14 at 2; *see* Dkt. No. 13 at 2.

- It is Respondents' position that Petitioner's habeas petition was "essentially moot" after his removal order became final, and that any action to stop execution of his removal order was beyond this Court's jurisdiction.

As ordered in the Scheduling Order for this case:

> Respondents shall provide Petitioner(s) *and Petitioner(s)' counsel* in this habeas action at least 48 hours' notice (or 72 hours' notice if the period extends into a weekend, holiday, or date the Court is closed) prior to any action to move or transfer any Petitioner(s) from the Western District of Washington or to remove them from the United States.

Dkt. No. 3 at 2 (emphasis added). This scheduling order was entered pursuant to this District's General Order 10-25, which can be can be found at https://www.wawd.uscourts.gov /sites/wawd/files/General%20Order%2010-25%20re%20Immigration%20Habeas.1.pdf. General

ORDER - 2

Order 10-25 was entered on December 18, 2025, after consultation and cooperation by various stakeholders, including the U.S. Attorney's Office, the Federal Defender's Office, and the Northwest Immigrant Rights Project. Petitioner's removal without advance notice to his attorney—whether or not the removal itself was lawful, whether or not the lack of notice prejudiced Petitioner, and whether or not Petitioner indicated that he wished to be removed "as soon as possible"—was a clear violation of this Order.

The Court requires further information before determining whether to take further action in response to Respondents' violation of its Order, Accordingly, the Court ORDERS as follows:

(1) By Friday, February 20, 2026, Counsel for Respondents SHALL:

    (a) Provide the Court with a copy of the audio recording of Petitioner's Individual Calendar Hearing;

    (b) File a sworn declaration or declarations, by a person or persons with first-hand, personal knowledge, (i) informing the Court of the manner in which Mr. Ren was provided notice of removal, given his visual impairment; and (ii) providing further explanation of the "miscommunication" that that resulted in the violation of the Court's Order;[1] and

    (c) Advise the Court of any actions taken as a result of said miscommunication and what, if any, new procedures will be put in place to prevent future violations of General Order 10-25.

(2) By Wednesday, February 25, 2026, Counsel for Petitioner:

    (a) MAY file a response to any materials submitted by Respondents; and

    (b) SHALL notify the Court, in said response or in a separate notice, of Petitioner's position on the disposition of the habeas petition.

Dated this 17th day of February, 2026.

Tana Lin
United States District Judge

---

[1] The declaration of Brett Booth previously provided to the Court, which is based on "personal knowledge and review of the alien registration file, DHS databases, and notes from the previous and current officers in charge of the case relating to Petitioner," does not meet this standard.

ORDER - 3