UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUN REN,<br><br>               Petitioner,<br><br>   v.<br><br>PAMELA BONDI, Attorney General, et al.,<br><br>               Respondents. | CASE NO. 2:25-cv-2693-TL<br><br>ORDER ON PETITION FOR WRIT OF HABEAS CORPUS AND REQUEST FOR ACTION |

This matter is before the Court on Jun Ren's (1) Petition for Writ of Habeas Corpus (Dkt. No. 1) and (2) Notice of Removal and Respondents' Failure to Comply with Court's General Order (Dkt. No. 13). Having considered Respondents' Status Memorandum (Dkt. No. 14), Respondents' Response (Dkt. No. 18), Petitioner's Response (Dkt. No. 23), Respondents' Reply (Dkt. No. 25), and the relevant record, the Court finds no further action is warranted in this matter, and Petitioner's Petition should be dismissed.

Petitioner filed his petition on December 24, 2025. Dkt. No. 1. It is undisputed that after the petition was fully briefed and under submission, Petitioner appeared for his individual

hearing before an immigration judge on January 29, 2026, Petitioner's habeas counsel was present at the hearing, and Petitioner withdrew his applications for relief and waived appeal, making his removal order final. Dkt. No. 14 at 1; Dkt. No. 23 at 2. The Court has confirmed Respondents' representation that an audio recording of that hearing indicates that Petitioner communicated to the Immigration Judge that he wanted to return to China "as soon as possible." Dkt. No. 14 at 2. The Court further confirmed Petitioner's representation that he made this decision in the context of significant physical and psychological deterioration while detained for his removal proceedings. Dkt. No. 23 at 2 n.1. Finally, Respondents readily admit that they failed to provide Petitioner's counsel with at least 48 hours' notice of his removal, as required by General Order 10-25, and concede that notice should have been provided. Dkt. No. 18 at 1.

Respondents state that they "fully recognize that any violation of an order of this Court is a serious matter regardless of the circumstances that led to such violation" but that "[t]he lack of notice to opposing counsel was wholly unintentional." *Id.* Respondents have provided declarations by Supervisory Detention and Deportation Officer Brett Booth, Deportation Officer Yralees Melendez, and Acting Assistant Field Office Director Jamie Burns, which explain how the error occurred and the steps that have been taken to ensure this mistake does not recur. *Id.* at 2–3; Dkt. No. 15 ¶ 7 (Booth Decl.); Dkt. No. 20 ¶¶ 8-9 (Melendez Decl.); Dkt. No. 21 ¶¶ 3–5 (Burns Decl.).

Based upon the documentation submitted, the Court finds that the oversight by Respondents was unintentional and that they have put in place corrective measures to address the error going forward. Therefore, the Court ORDERS:

(1) No further action is needed at this time in response to Plaintiff's request for appropriate action for Respondent's failure to comply with General Order 10-25 (Dkt. No. 13);

(2) As Petitioner waived any appeal of his final removal order and has since been removed from the United States, Petitioner's Petition for Writ of Habeas Corpus (Dkt. No. 1) is DENIED AS MOOT; and

(3) The Clerk of Court is DIRECTED to close this matter.

Dated this 5th day of February, 2026.

Tana Lin
United States District Judge